UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANNA MAE PAUL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | CIVIL ACTION NO. 4:08-cv-2820 |
| § | |
| EXECUTIVE SECURITY, INC. ET AL., § | |
| § | |
| Defendants. § | |

## ORDER

This case arises out of Plaintiff's claims of discrimination in the workplace. Plaintiff has filed a Motion for Appointment of Counsel (Doc. No. 13), asking the Court to appoint an attorney on her behalf.

The United States Constitution may compel appointment of counsel in some non-criminal cases. *See Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 32 (1981) (discussing the possibility of such a case). Such cases, however, revolve around an individual's procedural due process rights vis-à-vis the government. In this case, Plaintiff's due process rights are not at stake. She voluntarily commenced this action and seeks compensation from several private entities for alleged discrimination she experienced as an employee. No government is involved as a party in any way, and Plaintiff's personal liberty is not at stake. Therefore, Plaintiff does not enjoy a constitutional right to counsel in this case.

Plaintiff is suing under Title VII of the Civil Rights Act of 1964. The Act "provides for appointment of counsel 'in such circumstances as the court may deem just.'" *Blackman v. Global Indus. Offshore*, 228 Fed. Appx. 410, 411 (5th Cir. 2007)

(unpublished per curiam decision) (quoting 42 U.S.C. § 2000e-5(f)(1)). In considering whether to appoint counsel pursuant to the Title VII provision, "district court[s] should consider '(1) the merits of the [P]laintiff's claims of discrimination; (2) the efforts taken by the [P]laintiff to obtain counsel; and (3) the [P]laintiff's financial ability to retain counsel.'" *Id.* (quoting *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). The Court is mindful that where, as here, a Plaintiff proceeds pro se, "'complaints are held to less stringent standards than formal pleadings.'" *Id.* (quoting *Miller v. Staninore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981)).

The Court must deny Plaintiff's Motion under the Title VII provision. Plaintiff's Motion does not provide any information to the Court regarding her efforts to obtain counsel, or her financial ability to retain counsel. Without this information, at a minimum, the Court cannot properly assess whether Plaintiff qualifies for appointment of counsel under Title VII. In addition, the Court is without information to evaluate the merits of the case. None of the defendants have filed answers to Plaintiff's complaint. The original complaint sketches out Plaintiff's general allegations, but the Court does not have any information about the details of the case.

Finally, another section of the United States Code provides that, in proceedings in forma pauperis, a district court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court is unsure of whether Plaintiff is proceeding in forma pauperis; although she was granted in forma pauperis status, *see* Order, *Paul v. Executive Security Servs.*, No. 08-mc-0462 (S.D. Tex. Sept. 18, 2008), she appears to have paid the filing fee. (*See* Doc. No. 1.) Regardless of Plaintiff's in forma pauperis status, the Court denies a Section 1915 appointment of counsel at this stage. A

Section 1915 appointment is to be made under "'exceptional circumstances.'" *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam). A district court should consider "'the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.'" *Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001). Again, in reviewing the record, it is clear that insufficient information has been presented. Indeed, the record includes nothing beyond Plaintiff's original complaint and her request for counsel.

Plaintiff's Motion for Appointment for Counsel is **DENIED WITHOUT PREJUDICE**. Plaintiff may continue with this lawsuit pro se, or retain counsel. If, when further pleadings and evidence have been submitted, Plaintiff wishes to submit a fully briefed motion for appointment of counsel, she may do so.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the ___ day of November, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.